# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| THE CIT GROUP/BUSINESS CREDIT, INC., a New York Corporation, | ) ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) |
| JOHN PREPOLEC | ) ) |
| Defendant. | ) |

**DOCKETED**

NOV 1 9 2001

No. 01C 8876

**JUDGE GETTLEMAN**

**MAGISTRATE JUDGE KEYS**

## COMPLAINT

Plaintiff CIT Group/Business Credit, Inc., as successor to The CIT Group/Credit Finance, Inc. ("CIT"), for its Complaint against defendant John Prepolec states as follows:

### Jurisdiction

1. CIT is a corporation organized under the laws of the State of New York with its principal place of business in New York, and therefore is a citizen of the State of New York under 28 U.S.C. § 1332(c)(1).

2. Defendant is a citizen of the State of Michigan.

3. The amounts in controversy exceed $75,000, exclusive of interest and costs.

4. This court has subject matter jurisdiction based on diversity of citizenship between plaintiff and defendant under 28 U.S.C. § 1332.

5. This court has personal jurisdiction over the defendant because, <u>inter alia</u>, he has submitted to jurisdiction in Illinois in the Guaranty that is the subject of this action.



## Venue

6.  Venue is proper under 28 U.S.C. § 1391(a)(2) in the Northern District of Illinois because it is a district in which a substantial part of the events that gave rise to the claim occurred and the transaction that is the subject of this complaint was negotiated and consummated through CIT's Chicago office.

## Factual Allegations

7.  New GLI, Inc. ("New GLI") is a plastics company that, until it ceased operations in June, 2001, produced plastic injection molds for sale to customers in the ordinary course of its business.

8.  CIT is New GLI's senior secured creditor pursuant to a loan and security agreement entered into by and between CIT and New GLI dated April 16, 1999 (the "Loan Agreement").

9.  Under the Loan Agreement, CIT agreed to secured revolving and term loans to New GLI in the maximum amount of $4,500,000.00.

10. At the same time the Loan Agreement was signed and to induce CIT to extend financial accommodations to New GLI, defendant signed a guaranty agreement (the "Guaranty") in favor of CIT dated April 16, 1999. A copy is attached as Exhibit A.

11. Under the Guaranty, defendant absolutely and unconditionally guaranteed all New GLI obligations under the Loan Agreement.

12. Defendant also agreed reimburse CIT for expenses incurred in collecting upon New GLI's obligations under Loan Agreement or in realizing upon any collateral securing New GLI's obligations under the Loan Agreement.

2

13. Under the Guaranty, CIT need not first give notice or make demand before suing for collection under the Guaranty.

14. Following defaults by New GLI under the Loan Agreement, CIT commenced foreclosure proceedings against New GLI.

15. CIT and New GLI entered into a foreclosure agreement dated July 19, 2001 (the "Foreclosure Agreement"). A copy is attached as Exhibit B.

16. Pursuant to the Foreclosure Agreement, New GLI surrendered all its assets to CIT for the purpose of conducting a foreclosure sale (the "Foreclosure Sale") of substantially all of New GLI's assets.

17. The defendant, as a guarantor under the Guaranty, was a signatory to the Foreclosure Agreement and consented to the Foreclosure Sale.

18. Also, under the Foreclosure Agreement, defendant reaffirmed his obligations under the Guaranty (the "Reaffirmation").

19. In the Reaffirmation, defendant confirmed, *inter alia*, that the Guaranty remains in full force and effect and is not subject to any defenses or offsets (Exh. B, ¶ 3).

20. As of November 15, 2001, $1,186,751.96 in principal and interest, excluding accrued and accruing interest for November 2001, is due and owing under the Loan Agreement.

## COUNT I
**Liability on the Guaranty**

21. CIT repeats and realleges Paragraphs 1 through 20 above as if fully set forth herein.

22. Under the Guaranty, the defendant is unconditionally and personally liable for all sums due and owing under the Loan Agreement and Guaranty.

3

23. The defendant has failed to pay the sums due and owing to CIT.

24. Interest, fees, costs, and expenses continue to accrue and are due and owing under the Loan Agreement.

## Request for Relief

Plaintiff CIT requests the following relief:

(a) Judgment in its favor and against defendant for the full amount due and owing under the Loan Agreement plus interest, fees, costs and expenses; and

(b) Such other relief as the Court may deem appropriate.

Respectfully submitted,

CIT GROUP/BUSINESS CREDIT, INC.

By: _____
One of its Attorneys

E. King Poor
David A. Agay
WINSTON & STRAWN
35 West Wacker Drive
Chicago, Illinois 60601-9703
Phone: (312) 558-5600
Facsimile: (312) 558-5700

4

CHI:920459.1

# GUARANTY

EXHIBIT A

THE CIT GROUP/CREDIT
  FINANCE, INC.
10 South LaSalle Street
Chicago, Illinois 60603

      Re:   New GLI, Inc., an Indiana corporation

Ladies and Gentlemen:

Reference is made to that certain Loan and Security Agreement of even date herewith (the "Loan Agreement"), between New GLI, Inc., an Indiana corporation (the "Borrower"), and The CIT Group/Credit Finance, Inc. (the "Lender"), and all related agreements, documents, instruments executed in connection therewith (as the same now exist or may hereafter be amended, modified or supplemented, the "Loan Documents"). The proceeds of the loan are to be used for working capital purposes. Capitalized terms not otherwise defined herein shall have the meanings assigned to them in the Loan Agreement.

As an inducement for and in consideration of your extending financial accommodations to the Borrower whether pursuant to the Loan Documents or otherwise, the undersigned hereby absolutely and unconditionally (a) guarantees and agrees to be liable for full and indefeasible payment and performance when due of all now existing and future Obligations of the Borrower to you if not timely paid or performed by Borrower, whether absolute or contingent, however acquired by you, and whether arising under the Loan Documents or the Loan Agreement or by operation of law or otherwise, and (b) to pay you on demand, subject to any agreements regarding collateral pledged with you, the amount of all expenses (including, without limitation, reasonable attorneys' and paralegals' fees) incurred by you in collecting or attempting to collect the Borrower's Obligations to you whether from the Borrower or any other obligor or the undersigned or by realizing upon collateral (all of which are called the "Guaranteed Obligations").

The undersigned hereby acknowledges that in the event Borrower, at any time, fails to provide Lender with evidence of the Insurance Coverage as required by the Loan Agreement, Lender may purchase the Insurance Coverage at Borrower's or the undersigned's expense to protect Lender's interests in the Collateral. Such insurance may, but need not, protect Borrower's or the undersigned's interests, and Lender shall be under no obligation to so protect Borrower's or the undersigned's interests. The Insurance Coverage that Lender purchases on behalf of Borrower may not pay any claim that Borrower makes or any claim that is made against Borrower in connection with the Collateral. Borrower or the undersigned may later cancel any Insurance Coverage purchased by Lender, but only after providing Lender with evidence that Insurance Coverage has been obtained as provided for in the Loan Agreement. In the event Lender purchases all or any portion of the Insurance Coverage for the Collateral or as otherwise required hereunder, Borrower and the undersigned will be responsible for all costs and expenses of such Insurance Coverage, including, but not limited to, interest and any other charges imposed by Lender in connection with the purchase

of the Insurance Coverage, until the effective date of the cancellation or expiration of the Insurance Coverage. The costs and expenses of any Insurance Coverage purchased by Lender shall be added to the Guaranteed Obligations. The undersigned acknowledges that the cost of the Insurance Coverage purchased by Lender pursuant hereto may be more than the cost of insurance Borrower or the undersigned may be able to obtain on its own.

The undersigned agrees to duly execute and deliver, or will cause to be duly executed and delivered, such further instruments and documents or will do such further acts as may be necessary or proper in your reasonable opinion to effectuate the intents, terms and provisions of this Guaranty.

Notice of acceptance of this Guaranty, the making of loans and extension of credit to the Borrower, and presentment, demand, protest, notice of protest, notice of nonpayment and all other notices to which the Borrower or the undersigned are or may be entitled are hereby waived. The undersigned also waives notice of changes in terms of the extension of time of payment, the taking and releasing of collateral or guarantees (including the release of any of the undersigned) and the settlement, compromise or release of any Guaranteed Obligations and agrees that, as to the undersigned, the amount of the Guaranteed Obligations shall not be diminished by any of the foregoing. This is a guaranty of payment and not of collection. Accordingly, the undersigned agrees that you need not attempt to collect any Guaranteed Obligations from the Borrower or other obligors or to realize upon any Collateral, but may require the undersigned to make immediate payment of Guaranteed Obligations to you when due or at any time thereafter.

This Guaranty is absolute, unconditional and continuing. Payment by the undersigned shall be made to you at your office from time to time on demand as Guaranteed Obligations become due, and one or more successive or concurrent actions may be brought hereon against the undersigned either in the same action in which the Borrower is sued or in separate actions. In the event any claim or action, or action on any judgment, based on this Guaranty, is made or brought against the undersigned, the undersigned agrees not to deduct, set-off, or seek to counterclaim for or recoup any amounts which are or may be owed by you to the undersigned.

Payment of all amounts now or hereafter owed to the undersigned by the Borrower or any other obligor of Guaranteed Obligations (whether by right of contribution or otherwise) is hereby subordinated to full payment to you of the Guaranteed Obligations and is hereby assigned to you as security therefor.

All sums at any time to the credit of the undersigned and any property of the undersigned on which you at any time have a lien or security interest or of which you at any time have possession, shall secure payment and performance of all Guaranteed Obligations and all other obligations of the undersigned to you however arising. The undersigned shall have no right to subrogation, indemnification or recourse to any Guaranteed Obligations or collateral or guarantees therefor or to any assets of the Borrower.

-2-

The undersigned shall continue to be held liable hereunder your Regional Manager or Regional Credit Manager actually receives written termination notice by certified mail; but the giving of such notice shall not terminate this Guaranty as to any Guaranteed Obligation existing or owed on the date such notice is received nor affect the obligations of any guarantor other than the one who gives such notice. Any Guaranteed Obligations incurred before notice of termination or for post-termination collection expenses and interest pertaining to any Guaranteed Obligations arising before notice of termination shall remain the full responsibility of the undersigned and such notice of termination shall be effective only with respect to those Obligations from Borrower to Lender which are created or incurred after the date of notice of termination is received by you.

Your books and records showing the account between you and the Borrower shall be admissible as evidence in any action or proceeding as prima facie proof of the items therein set forth; and your monthly statements rendered to the Borrower to the extent to which no written objection is made within thirty (30) days after the date thereof, shall constitute an account stated between you and the Borrower and be binding on the undersigned.

This Guaranty shall be binding upon the undersigned and his heirs, administrators, executors, successors and assigns and shall benefit you and your successors and assigns.

THIS INSTRUMENT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF ILLINOIS, WITHOUT GIVING EFFECT TO THE CHOICE OR CONFLICTS OF LAW RULES OR PRINCIPLES OF ANY JURISDICTION. THE UNDERSIGNED CONSENTS TO THE NON-EXCLUSIVE JURISDICTION OF ANY LOCAL, STATE, OR FEDERAL COURT LOCATED WITHIN CHICAGO, ILLINOIS FOR ALL PURPOSES IN CONNECTION WITH THIS GUARANTY. THE UNDERSIGNED FURTHER CONSENTS THAT ANY PROCESS OR NOTICE OF MOTION OR OTHER APPLICATION TO EITHER OF SAID COURTS OR A JUDGE THEREOF, OR ANY NOTICE IN CONNECTION WITH ANY PROCEEDINGS HEREUNDER MAY BE SERVED INSIDE OR OUTSIDE THE STATE OF ILLINOIS BY REGISTERED OR CERTIFIED MAIL, RETURN RECEIPT REQUESTED, OR BY PERSONAL SERVICE PROVIDED A REASONABLE TIME FOR APPEARANCE IS ALLOWED OR IN SUCH MANNER AS MAY BE PERMISSIBLE UNDER THE RULES OF SAID COURT. THE UNDERSIGNED, AND LENDER BY ITS ACCEPTANCE HEREOF, EACH KNOWINGLY, INTENTIONALLY, ABSOLUTELY AND IRREVOCABLY WAIVES TRIAL BY JURY IN ANY ACTION OR PROCEEDING INSTITUTED BY EITHER OF THEM AGAINST THE OTHER WHICH PERTAINS DIRECTLY OR INDIRECTLY TO THIS GUARANTY, THE OBLIGATIONS, THE COLLATERAL, ANY ALLEGED TORTIOUS CONDUCT BY BORROWER OR LENDER OR IN ANY WAY, DIRECTLY OR INDIRECTLY, ARISES OUT OF OR RELATES TO THE RELATIONSHIP BETWEEN BORROWER AND LENDER.

IN WITNESS WHEREOF, the undersigned has executed and delivered this Limited Guaranty as of this 16th day of April, 1999.

_____
John Prepolec

STATE OF INDIANA    )
                    ) SS.
COUNTY OF MARION    )

On this 16th day of April, 1999, before me, a Notary Public for said County and State, personally appeared John Prepolec, to me known to be the individual described in and who executed the foregoing instrument as his own free and voluntary act, and acknowledged that he executed same, and who, being duly sworn, stated that the representations contained therein are true and correct.

_____
(Signature)

_____
David R. Hamer, Notary Public

My Commission Expires:
November 25, 2000

My County of Residence:
Hamilton

-4-

No Transmission Information Available in on line [0] for CLU|
08/07/01 TUE 10:44 FAX 312 4\_\_\_0740        CIT GROUP                                    ☒002

EXHIBIT
_B_

## FORECLOSURE AGREEMENT

THIS FORECLOSURE AGREEMENT is made and entered into as of this _19 zri_ day of July, 2001, by and among NEW GLI, INC. ("**BORROWER**"), THE CIT GROUP/BUSINESS CREDIT, INC., as successor to The CIT Group/Credit Finance, Inc. ("**LENDER**"), and John Prepolec ("**GUARANTOR**") in connection with that certain Loan and Security Agreement dated as of April 16, 1999, as amended from time to time, ( the "**Loan Agreement**"). All capitalized terms used in this Foreclosure Agreement but not defined herein, shall have the meanings ascribed to them in the Loan Agreement

### RECITALS

A.    Pursuant to the Loan Agreement (i) LENDER has made loans and other financial accommodations to BORROWER, and (ii) BORROWER has secured all of its Obligations to LENDER by granting to LENDER a continuing, first priority, and perfected security interest in, and lien upon, the Collateral.

B.    Guarantor has executed and delivered to LENDER an unconditional and continuing guaranty of payment (the "**Guaranty**") of the Obligations.

C.    BORROWER and GUARANTOR acknowledge that (a) various Events of Default have occurred and are continuing, (b) as a result thereof, the Loan Agreement has been terminated and the Obligations have been accelerated in accordance with the Loan Agreement, (c) verbal demand has been upon BORROWER and GUARANTOR for payment in full of the Obligations, (d) this Agreement constitutes sufficient written notice of the occurrence of various Events of Default and demand upon BORROWER and GUARANTOR for payment in full of the Obligations, (e) all further notice and demand have been waived, and (f) each of BORROWER and GUARANTOR has failed to pay the Obligations in full.

D.    LENDER intends to exercise immediately its rights and remedies under Section 7.2 of the Loan Agreement including, without limitation, its rights to take possession of and sell the Collateral.

E.    To preserve and protect the value of the Collateral, and reduce the time and expense of LENDER's exercise of its rights and remedies, BORROWER has agreed to surrender voluntarily the Collateral to LENDER and each of BORROWER AND GUARANTOR has agreed to perform the undertakings set forth below.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, BORROWER, LENDER and GUARANTOR hereby agree as follows:

1.    <u>Voluntary Surrender and Sale of Collateral</u>    (a) BORROWER agrees to voluntarily surrender and deliver to LENDER or LENDER's designated agents, on or before July

898845.02

19, 2001, at BORROWER's facility in Columbus, Indiana, peaceful possession of all of the Collateral, and GUARANTOR hereby consents to such surrender and delivery. This surrender is made in recognition of LENDER's rights as secured party under the Loan Agreement. BORROWER and GUARANTOR acknowledge that after LENDER's receipt of the Collateral, LENDER intends to conduct public or private sales of the Collateral under Article 9 of the UCC as enacted in Indiana. Each of BORROWER and GUARANTOR knowingly waives any and all rights each may have to notice and a hearing before a court of competent jurisdiction with respect to this voluntary surrender and delivery, and each hereby consents to LENDER's possession and proposed sale and other disposition of the Collateral under Article 9 of the UCC as enacted in Indiana. BORROWER and GUARANTOR also waive their rights to notification under Sections 9-611, 9-612, 9-613, and 9-624 as to any public or private sale of the Collateral by LENDER and their rights to redeem the Collateral under Section 9-623 and 9-624 of the UCC.

(b) Subject to LENDER's obligations under Article 9 of the UCC to conduct a commercially reasonable sale of the Collateral, LENDER may proceed with a sale of any or all of the Collateral in such order and manner as LENDER may deem appropriate in its discretion. Notwithstanding the foregoing, it is the intent of LENDER, BORROWER, and GUARANTOR that such parties will cooperate and continue to work together to liquidate the remaining accounts receivable owed to BORROWER and to maximize the value thereof.

(c) Proceeds of sales of the Collateral shall be applied in accordance with the Loan Agreement.

2. <u>Acknowledgments</u>. Each of BORROWER and GUARANTOR acknowledges and agrees that (a) each Recital set forth hereinabove is complete accurate and not subject to dispute, (b) neither BORROWER nor GUARANTOR has any grounds for disputing the validity or enforceability of the Loan Agreement and the Guaranty or any of the obligations thereunder, or the validity, priority, enforceability or extent of LENDER'S security interest in, and lien upon, the Collateral (c) BORROWER's voluntary surrender of the Collateral to LENDER and LENDER'S acceptance thereof is not intended, and shall not be construed, to be taken in satisfaction of the Obligations, and BORROWER and GUARANTOR each acknowledge and agree that each will continue to be liable for any unpaid Obligations after the sale of the Collateral by LENDER, and (d) LENDER'S acceptance of the surrender of the Collateral in not intended, and shall not be construed to be, an assumption of any liability of any kind whatsoever which arises from or is related to any of the Collateral.

3. <u>Reaffirmation of Guaranty</u>. GUARANTOR hereby (a) ratifies the Guaranty executed by such GUARANTOR, (b) confirms that such Guaranty (and all of its obligations and liabilities to LENDER thereunder) remains in full force and effect and is subject to no defenses or offsets, notwithstanding the execution and delivery of this Foreclosure Agreement, and (c) acknowledges and agrees that the terms and condition of BORROWER'S surrender of the Collateral and Lender's acceptance thereof and the terms and conditions of LENDER'S proposed sale or other disposition of the Collateral is commercially reasonable under the circumstances and does not in any way relieve, abrogate or extinguish Guarantor's obligations under the Guaranty; <u>provided</u>, however, that GUARANTOR reserves any defenses he may have

898845.02                              2

08/07/01 TUE 10:45 FAX 312 9740    No Transmission Information Available in on line [0] for CLU    * Pg 4/5    CIT GROUP    ☒004

concerning the commercially reasonable nature of any disposition of the accounts receivable owed by Cosco and Kimball Upholstered Products, Inc. For purposes of clarity, the proviso in the previous sentence shall apply only to the Cosco and the Kimball Upholstered Products, Inc. receivables and not to any of the other Collateral, including BORROWER'S other accounts receivable.

4. <u>Representations of BORROWER and GUARANTOR.</u> Each of BORROWER and GUARANTOR represents and warrants to LENDER that it has full power and authority to execute and deliver this Foreclosure Agreement to LENDER, and that this Foreclosure Agreement constitutes a binding obligation of such party, enforceable in accordance with its terms.

5. <u>Miscellaneous.</u>

(a) Notices to any party hereunder shall be provided in the manner set forth in the Loan Agreement or the Guaranty, as applicable, provided that notices to GUARANTOR shall be sent to the address set forth below notwithstanding any provision of any Guaranty to the contrary.

(b) Except as acknowledged or modified by this Foreclosure Agreement, all terms and provisions of the Loan Agreement remain unmodified and in full force and effect, and shall apply with such force and effect to the terms of this Agreement.

(c) The recitals set forth herein above shall be construed to be a part of the Foreclosure Agreement.

(d) This Agreement shall be binding upon, and shall inure to the benefit of, each party's successors and assigns.

(e) Nothing contained in this Foreclosure Agreement is intended, or should be construed, to create rights for the benefit of third parties including, without limitation, creditors of either BORROWER OR GUARANTOR.

(e) Section headings in this Foreclosure Agreement are included for convenience of reference only and shall not constitute a part of this Foreclosure Agreement for any other purpose and should not be considered in interpreting and provision hereof.

(e) This Agreement may be executed in one or more counterparts, each of which shall constitute an original and all of which, when taken together, shall constitute one and the same agreement.

(f) No amendment to this Agreement shall be effective unless such amendment is in writing and executed by the parties intended to be bound thereby.

898845.02

3

p. 4

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement as of the day and year first above written.

THE CIT GROUP/BUSINESS CREDIT, INC.          NEW GLI, INC.

By:_____                By:_____
Its:_____               Its: _PRESIDENT_____


_____
John Krepolec

Address:  c/o New GLI, Inc.
          2860 North National Road
          Columbus, Indiana 47201

898845.02

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
The CIT Group/Business Credit, Inc.

### DEFENDANTS
John Prepolec

DOCKETED NOV 19 2001

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

01C 8876

JUDGE GETTLEMAN

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
E. King Poor
David A. Agay
Winston & Strawn
35 W. Wacker Drive
Chicago, IL 60601/9703
(312) 558-5600

ATTORNEYS (IF KNOWN)
Mike Donovan
Varnum, Riddering
Schmidt & Howlett LLP
Bridgewater Place
P.O. Box 352
Grand Rapids, MI 49501

**MAGISTRATE JUDGE KEYS**

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / HABEAS CORPUS: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Suit on guaranty brought under diversity jurisdiction 28 U.S.C. Section 1332

### VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ 1,186,751 plus interest & costs

CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

### VIII. This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE 11/16/01

SIGNATURE OF ATTORNEY OF RECORD

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

In the Matter of

The CIT Group/
Business Credit, Inc.
v.
John Prepolec

Case Number: **01C 8876**

JUDGE GETTLEMAN

MAGISTRATE JUDGE KEYS

DOCKETED NOV 19 2001

FILED NOV 16 2001 U.S. DISTRICT COURT

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: David A. Agay | NAME: E. King Poor |
| FIRM: Winston & Strawn | FIRM: Winston & Strawn |
| STREET ADDRESS: 35 West Wacker Drive | STREET ADDRESS: 35 West Wacker Drive |
| CITY/STATE/ZIP: Chicago, IL 60601-9703 | CITY/STATE/ZIP: Chicago, IL 60601-9703 |
| TELEPHONE NUMBER: (312) 558-5600 | TELEPHONE NUMBER: (312) 558-5600 |
| IDENTIFICATION NUMBER: 6244314 | IDENTIFICATION NUMBER: 3128425 |
| MEMBER OF TRIAL BAR? NO | MEMBER OF TRIAL BAR? YES [X] |
| TRIAL ATTORNEY? NO | TRIAL ATTORNEY? YES [X] |
| | DESIGNATED AS LOCAL COUNSEL? |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? | MEMBER OF TRIAL BAR? |
| TRIAL ATTORNEY? | TRIAL ATTORNEY? |
| DESIGNATED AS LOCAL COUNSEL? | DESIGNATED AS LOCAL COUNSEL? |